NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*

*v.*

JEREMY PURKEY, *Appellant.*

No. 1 CA-CR 14-0136
FILED 7-9-2015

---

Appeal from the Superior Court in Maricopa County
No. CR2013-105016-001
The Honorable Richard L. Nothwehr, Commissioner

**AFFIRMED AS CORRECTED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Charles R. Krull
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Kent E. Cattani joined.

---

**N O R R I S**, Judge:

¶1        Jeremy Purkey timely appeals from his conviction and sentence for misconduct involving weapons, a class 4 felony, in violation of Arizona Revised Statutes ("A.R.S.") sections 13-3102(A)(3), -3101(A)(8)(v) (Supp. 2014).[1] After searching the record on appeal and finding no arguable question of law that was not frivolous, Purkey's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error. This court granted counsel's motion to allow Purkey to file a supplemental brief *in propria persona*, but he did not do so. After reviewing the entire record, we find no fundamental error and, therefore, affirm Purkey's conviction and sentence as corrected.

**FACTS AND PROCEDURAL BACKGROUND[2]**

¶2        On October 7, 2012, two Phoenix police officers, Officer R. and Officer G., responded to an emergency 911 call at a convenience store. Before the officers arrived at the store, they were informed that a "subject with a gun" was "going up to cars" at the gas pumps.

¶3        When the officers arrived, they identified a subject matching the description—Purkey—and Officer R. began explaining why they were there. Purkey put his hands up and, when asked if he had "any weapon" on him, said he "had something in his pocket." Officer R. could see three

---

[1]Although the Arizona Legislature has amended certain statutes cited in this decision since the date of Purkey's offense, the alterations are immaterial to the outcome of this case. Thus, we cite to the current version of these statutes.

[2]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Purkey. *See State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

to four inches of a silver "tube" sticking out of Purkey's pocket. Purkey made a "kick motion" with his leg and the tube popped out of his pocket and fell on the ground. After patting Purkey down for additional weapons, Officer R. retrieved the tube, and, after unscrewing it, determined it was a nunchaku—two sticks connected by a chain. *See* A.R.S. § 13-3101(A)(8)(v). One of the sticks contained a "weird shaped knife, dagger, shank, object" measuring about three inches long.

¶4         Purkey told the officers he carried the nunchaku for "personal protection" because, as a prohibited possessor, he was not allowed to carry a gun. The officers confiscated the nunchaku, drafted their report, and released Purkey.

¶5         On May 31, 2013, a grand jury indicted Purkey on one count of misconduct involving weapons (prohibited weapon), and one count of misconduct involving weapons (deadly weapon/prohibited possessor), both class 4 felonies. In addition to the foregoing facts, at trial, the State presented evidence Purkey had been convicted of a felony in 2000 (which qualified as a historical prior felony conviction under A.R.S. § 13-105(22)(b) (Supp. 2014)) and his "civil rights" had not been restored. A jury found Purkey guilty on the first count, but not guilty on the second count.

¶6         During the "trial on the priors," the State proved Purkey had been convicted of a second felony in 2006 (which also qualified as a historical prior felony conviction under A.R.S. § 13-105(22)(b)). The superior court sentenced Purkey, as a category three repetitive offender, to the presumptive term of ten years' imprisonment, *see* A.R.S. § 13-703(C), (J) (Supp. 2014), with 295 days of presentence incarceration credit.

## DISCUSSION

¶7         We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. Purkey received a fair trial. He was represented by counsel at all stages of the proceedings and was present at all critical stages.

¶8         The evidence presented at trial was substantial and supports the verdict. The jury was properly comprised of eight members and the court properly instructed the jury on the elements of the charge, Purkey's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, Purkey was given an opportunity to speak at sentencing and did so, and his sentence was within the range of acceptable sentences for his offense. *See* A.R.S. § 13-703(J).

¶9          In our review of the record, we discovered an error in the superior court's sentencing minute entry.  At the sentencing hearing, the superior court explicitly sentenced Purkey "as a repetitive offender . . . subject to sentencing pursuant to A.R.S. §§ 13-703(C) and -703(J)" and it imposed the presumptive ten year sentence applicable to a class three repetitive offender.  *See* A.R.S. § 13-703(C), (J).  The court's minute entry, however, references "A.R.S. § 13-702," the sentencing statute for first-time felony offenders.  We thus correct the sentencing minute entry to remove the reference to A.R.S. § 13-702.

## CONCLUSION

¶10          We decline to order briefing and affirm Purkey's conviction and sentence as corrected.

¶11          After the filing of this decision, defense counsel's obligations pertaining to Purkey's representation in this appeal have ended.  Defense counsel need do no more than inform Purkey of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984).

¶12          Purkey has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review.  On the court's own motion, we also grant Purkey 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

4